IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JULIE A. SU, Acting Secretary of Labor, United States Department of Labor, <br><br> Plaintiff, <br><br> v. <br><br> PORT POLICE AND SECURITY GUARDS UNION, LOCAL 1456, <br><br> Defendant. | Civil Action <br><br> No. |

## COMPLAINT

Plaintiff Julie A. Su, Acting Secretary of Labor, alleges as follows:

### NATURE OF THE ACTION

1. This action is brought under Title IV of the Labor-Management Reporting and Disclosure Act of 1959 (LMRDA or Act), 29 U.S.C. §§ 481-483, for a judgment declaring that the 2022 election of union officers conducted by Port Police and Security Guards Union, Local 1456 (Defendant) for the offices of President, Vice President, Recording Secretary, Secretary-Treasurer Business Agent (STBA), and Sergeant-at-Arms is void and directing Defendant to conduct a new election for those offices under Plaintiff's supervision, and for other appropriate relief.

### JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 29 U.S.C. § 482(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1345.

3. This Court may exercise personal jurisdiction over Defendant because Defendant

maintains its principal office in this district.

4. Venue lies in this district pursuant to 29 U.S.C. § 482(b) and 28 U.S.C. § 1391(b).

## PARTIES

5. Plaintiff Julie A. Su is the duly appointed Acting Secretary of Labor, United States Department of Labor. Plaintiff is authorized to bring this action under section 402(b) of Title IV of the Act, 29 U.S.C. § 482(b).

6. Defendant is, and at all times relevant to this action has been, a nonprofit corporation residing within, and maintaining its principal office in Hudson County, New Jersey, within the jurisdiction of this district.

## FACTUAL ALLEGATIONS

7. Defendant is, and at all times relevant to this action has been, a local labor organization engaged in an industry affecting commerce within the meaning of sections 3(i) and (j) and 401(b) of the Act, 29 U.S.C. §§ 402(i) and (j) and 481(b).

8. At all relevant times, Defendant was governed by the Constitution of the International Security Officers', Police & Guards' Union, Amended and approved at the Ninth Regular Convention held on June 20, 1990 (ISOPGU Constitution).

9. The ISOPGU Constitution, Article XI, Section 1, provides in part:

> Complaints concerning the conduct of the Local elections shall be filed initially with and be heard by the Local's Executive Board.
>
> Appeals from the determination of the Local's Executive Board shall be to this International and shall be processed in accordance with the appeals procedure set forth in Article XVI of this Constitution.

10. The ISOPGU Constitution, Article XVI, Section 1, provides in part:

> Appeals may be taken from any decision made pursuant to Article XI and/or under Article XV and from any action, failure to act or decision in the exercise of

the original or appellate jurisdiction provided in this Constitution as follows:

> (a) From the decision of an officer or an affiliated Local to the Executive Board of the Local Union;
>
> (b) From the decision of the Executive Board of a Local to a Local's membership. Decisions of the membership shall be made by majority vote of those present and voting on the question;
>
> (c) From the decision of the membership of the Local to the International Executive Board; and
>
> (d) From the decision of the International Executive Board to the Regular Convention or to a Special Convention called for the purpose of hearing the appeal.

11. At all relevant times, Defendant was governed by the By-Laws of the Port Police & Guards Union, Local 1456, dated October 5, 1998 (PPGU Bylaws).[1]

12. The PPGU Bylaws, Article VI, provide in part: "No member shall be nominated who has not attended at least one regular meeting in each quarter during the five quarters immediately preceding to the election." (Meeting Attendance Requirement.)

13. Article VI of the PPGU Bylaws contains a provision (Excuse Provision) that states:

> In the event a member, otherwise eligible, is unable to attend any meeting necessary to qualify for nomination as above provided, absence may be excused if (1) absence was due to actual employment as a Pier Guard, Port Watchman, Gateman and/or Roundsman at the time of the meeting, (2) absence was due to official business on behalf of this Local or the International, or (3) absence was due to illness and the member was under the care and treatment of a licensed physician, confined to their home or a hospital in the Greater New York area and written proof from the attending physician is provided.

14. The PPGU Bylaws, Article VI, also provide in part: "Nominations for officers

---

[1] Upon information and belief, Defendant is now called the Port Police and Security Guards Union, Local 1456.

shall be at a meeting held in the month of November, every three(3) years, on written notice at least 30 days prior to the election."

15. The PPGU Bylaws, Article VI, further provide in part: "Elections shall be held at a meeting in the month of December following the month of November at which nominations are made."

16. The PPGU Bylaws, Article VIII, provide in part: "The Executive Board shall consist of the officers of the Local."

17. In 2022, Defendant scheduled its union officer election for December 5, 2022 (2022 Election).

18. The 2022 Election was scheduled to occur in the quarter that was comprised of the three-month period from October 2022 to December 2022 (Quarter 6). The five quarters immediately preceding the 2022 Election were: (a) July 2021 to September 2021 (Quarter 1); (b) October 2021 to December 2021 (Quarter 2); (c) January 2022 to March 2022 (Quarter 3); (d) April 2022 to June 2022 (Quarter 4); and (e) July 2022 to September 2022 (Quarter 5).

19. Defendant held ten regular membership meetings during the fifteen-month period from July 2021 to September 2022.

20. Defendant held its regular meetings in person and did not provide a virtual attendance option for any meetings it held during the fifteen-month period from July 2021 to September 2022.

21. Defendant held one regular meeting in Quarter 1 in September 2021.

22. Defendant held three regular meetings in Quarter 2—one in October 2021, one in November 2021, and one in December 2021.

23. Defendant held two regular meetings in Quarter 3—one in February 2022 and one

in March 2022.

24. Defendant held three regular meetings in Quarter 4—one in April 2022, one in May 2022, and one in June 2022.

25. Defendant held one regular meeting in Quarter 5 in September 2022.

26. To satisfy its Meeting Attendance Requirement for the 2022 Election, Defendant required its members to attend a September 2021 regular meeting.

27. Additionally, to satisfy its Meeting Attendance Requirement for the 2022 Election, Defendant required its members to attend at least five out of ten meetings over a fifteen-month period and Defendant did not permit members to attend any combination of five meetings, but required members to attend one meeting in each of the five quarters preceding the 2022 Election.

28. At a March 2022 regular membership meeting of Defendant, Complainant Vincent Rotondo (Complainant), a member in good standing of Defendant, proposed an amendment to the PPGU Bylaws. If adopted, the proposal would have reduced the Meeting Attendance Requirement for candidates from five quarterly meetings preceding an election to three. Complainant's proposal was introduced to Defendant's membership at the April 2022 meeting and rejected by a two-thirds vote.

29. By letter dated April 19, 2022, Complainant protested how his amendment proposal was handled by the Local. On April 25, 2022, Defendant's Executive Board responded, denying Complainant's request.

30. By letter dated May 12, 2022, Complainant filed another protest with Defendant regarding the amendment proposal issue, and on May 23, 2022, Defendant again denied his request.

31. For the 2022 Election, Defendant's Executive Board determined whether Complainant met the Excuse Provision regarding Defendant's Meeting Attendance Requirement.

32. On September 14, 2022, Complainant wrote to the Executive Board stating in part: "I am appealing to the board and my attempt to get an exemption for 2 meetings so I can run for president."

33. By letter dated September 23, 2022, the Executive Board of Defendant denied Complainant's request for an exemption to the Meeting Attendance Requirement.

34. On October 18, 2022, Complainant sent an email to ISOPGU's International Executive Board seeking to appeal Defendant's denial of his request for an exemption to the Meeting Attendance Requirement, writing in part that he was seeking an exemption due to the COVID-19 pandemic and that the limited number of candidates was undemocratic.

35. On October 31, 2022, Special Hearing Officer Timothy Hott—whom the International had designated to hear and decide Complainant's appeal—held a hearing with Complainant to review his appeal.

36. On the same date, Hott sent Complainant a letter denying the appeal and informing him that, "[s]ince you do not meet the eligibility requirements you are not eligible to be nominated or run for office in Local 1456 in the 2022 Local 1456 election."

37. Defendant disqualified Rotondo from running for union office in the 2022 Election for failing to satisfy the Meeting Attendance Requirement in PPGU Bylaws, Article VI.

38. On November 1, 2022, Defendant held its nominations meeting (2022 Nominations Meeting).

39. At the time of the 2022 Nominations Meeting, Defendant had 249 members.

40. By the time of the 2022 Nominations Meeting, no more than five members of

Defendant had attended at least one regular meeting per quarter in Quarters 1 through 5.

41. Thus, a total of five members were eligible to be candidates in the 2022 Election.

42. The Meeting Attendance Requirement thus rendered ninety-eight percent of Defendant's membership (or 244 out of 249 members) ineligible to be a candidate in the 2022 Election.

43. At the 2022 Nominations Meeting, Sam Dokus, a member in good standing of Defendant, was nominated for a union officer position.

44. Defendant disqualified Dokus from running for union office in the 2022 Election for failing to satisfy the Meeting Attendance Requirement in PPGU Bylaws, Article VI.

45. At the 2022 Nominations Meeting, Kevin Serras, a member in good standing of Defendant, was nominated for a union officer position.

46. Defendant disqualified Serras from running for union office in the 2022 Election for failing to satisfy the Meeting Attendance Requirement in PPGU Bylaws, Article VI.

47. At the 2022 Nominations Meeting, Armando Saverino, a member in good standing of Defendant, was nominated for a union officer position.

48. Saverino was an incumbent officer of Defendant.

49. Defendant disqualified Saverino from running for union office in the 2022 Election for failing to satisfy the Meeting Attendance Requirement in PPGU Bylaws, Article VI.

50. At the 2022 Nominations Meeting, Mohamed Arbab was nominated for President, Matthew Sarrao was nominated for Vice-President, Pedro Sousa was nominated for Recording Secretary, Richard Rossiello was nominated for STBA, and James Valdes was nominated for Sergeant-at-Arms. At the 2022 Nominations Meeting, Defendant found them eligible candidates and, determining that they were unopposed candidates, declared them elected by acclamation.

51. At the time of the 2022 Nominations Meeting, Mohamed Arbab was an incumbent union officer.

52. At the time of the 2022 Nominations Meeting, Matthew Sarrao was an incumbent union officer.

53. At the time of the 2022 Nominations Meeting, Pedro Sousa was an incumbent union officer.

54. At the time of the 2022 Nominations Meeting, Richard Rossiello was an incumbent union officer.

55. The 2022 Election was subject to the provisions of Title IV of the Act, 29 U.S.C. §§ 481-483.

56. On November 15, 2022, Rotondo filed a complaint with the Secretary of Labor. Having invoked the remedies available under the internal protest procedures provided by Article XI, Section 1 and Article XVI, Section of the ISOPGU Constitution, Complainant's complaint was timely pursuant to section 402(a) of the LMRDA, 29 U.S.C.§ 482(a).

57. By letter signed December 12, 2022, Defendant agreed that the time within which Plaintiff could bring suit regarding the 2022 Election would be extended to February 15, 2023.

58. By letter signed January 26, 2023, Defendant agreed that the time within which Plaintiff could bring suit regarding the 2022 Election would be extended to March 1, 2023.

59. By letter signed February 24, 2023, Defendant agreed that the time within which Plaintiff could bring suit regarding the 2022 Election would be extended to March 8, 2023.

60. By letter signed March 6, 2023, Defendant agreed that the time within which Plaintiff could bring suit regarding the 2022 Election would be extended to March 31, 2023.

61. Pursuant to section 601 of the Act, 29 U.S.C. § 521, and in accordance with

section 402(b) of the Act, 29 U.S.C. § 482(b), Plaintiff investigated the complaint and, as a result of the facts shown by his investigation, found probable cause to believe that: (1) violations of Title IV of the Act, 29 U.S.C. §§ 481-483, had occurred in the conduct of Defendant's 2022 Election; and (2) such violations may have affected the outcome of the election and had not been remedied at the time of the institution of this action.

**COUNT 1**
**29 U.S.C. § 481(e)**

62. The preceding paragraphs are realleged and incorporated herein by reference.

63. Section 401(e) of the Act, 29 U.S.C. § 481(e), states that: "every member in good standing shall be eligible to be a candidate and to hold office (subject to . . . reasonable qualifications uniformly imposed[.]" 29 U.S.C. § 481(e).

64. Defendant violated section 401(e) of the Act, 29 U.S.C. § 481(e), when it maintained and applied a meeting attendance candidacy qualification that was unreasonable as applied to members in the 2022 Election, for a variety of reasons, including that: (a) it required candidates to attend a September 2021 meeting over a year before the 2022 election; (b) it required candidates to attend at least five out of ten meetings over a fifteen-month period; (c) it did not permit candidates to attend any five meetings, but required one meeting each quarter; (d) it provided a limited excuse provision that was administered by the incumbent officers; and (e) it rendered ninety-eight percent of its membership ineligible to be a candidate and to hold office.

65. The above violations of section 401(e) of the Act, 29 U.S.C. § 481(e), may have affected the outcome of the election for the offices of President, Vice President, Recording Secretary, Secretary-Treasurer Business Agent, and Sergeant-at-Arms.

**REQUEST FOR RELIEF**

WHEREFORE, Plaintiff requests that this Court enter an Order and Judgment in favor of Plaintiff and against Defendant as follows:

(a) declaring that Defendant's election for the offices of President, Vice President, Recording Secretary, Secretary-Treasurer Business Agent, and Sergeant-at-Arms, is void;

(b) directing Defendant to conduct a new election for those offices under the supervision of Plaintiff;

(c) for the costs of this action; and

(d) for such other relief as may be appropriate.

Respectfully submitted,

PHILIP R. SELLINGER
United States Attorney

_____
PAUL W. KAUFMAN
Assistant United States Attorney

OF COUNSEL:

SEEMA NANDA
Solicitor of Labor

BEVERLY DANKOWITZ
Associate Solicitor

ELEANORE I. SIMMS
Counsel for Labor-Management Policy

REBECCA AZHDAM
Attorney

U.S. Department of Labor